# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11034

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKY LYNN COLE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-186
USDC No. 5:05-CR-27-1

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ricky Lynn Cole, federal prisoner # 31788-177, stands convicted of 107 counts of interstate transportation of child pornography, distribution of child obscenity, transportation of obscene matter, and aiding and abetting. Cole seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 claim that trial counsel was ineffective in failing to object to substantial government interference with defense witness Tina Cox-Cole.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11034

After the district court denied his § 2255 claim and while this COA motion was pending before this court, Cole moved in the district court for leave to take depositions pursuant to Federal Rule of Civil Procedure 27(b). The district court denied his motion, and Cole's notice of appeal from the denial of his Rule 27(b) motion was docketed under the instant appeal number. Cole moves to sever the two appeals.

Cole argues that he is actually innocent of the charged crimes and that his trial counsel was ineffective for failing to raise an objection on the basis of government interference with Cox-Cole, for failing to introduce evidence showing his innocence, and for failing to call witnesses that would have corroborated Cox-Cole's proposed testimony. Cole also argues that his appointed federal habeas counsel was ineffective for failing to subpoena certain witnesses for the evidentiary hearing on his § 2255 motion; for failing to timely notify him that his evidentiary hearing was continued; for failing to object to perjured testimony at the evidentiary hearing; for failing to timely file a notice of appeal from the denial of his § 2255 claim; and for failing to obtain a transcript of the evidentiary hearing. Finally, he argues that the district court abused its discretion in denying "post-hearing motions" that preceded his Rule 27(b) motion and that requested leave to take the depositions of witnesses to the alleged government interference with Cox-Cole.

To obtain a COA, Cole must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

No. 14-11034

Notably, we vacated the district court's dismissal of Cole's ineffective assistance claim relating to Cox-Cole and remanded the case to the district court for further proceedings, including an evidentiary hearing. To the extent that Cole asserts claims that were not covered by the remand order, reurges previously rejected claims, or raises claims for the first time in the instant COA motion to this court, they will not be considered. *See United States v. Lee*, 358 F.3d 315, 321, 323 (5th Cir. 2004); *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003); *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996). In addition, as Cox fails to address the district court's finding that, given the other evidence introduced by the defense at trial, he was not prejudiced by trial counsel's alleged ineffective assistance relating to Cox-Cole, he has abandoned any challenge to that finding. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Cole has therefore not shown that reasonable jurists would debate the district court's denial of his ineffective assistance of trial counsel claim, and Cole's remaining claims do not deserve encouragement to proceed further. *See Miller-El*, 537 U.S. at 327. Cole's motion for a COA is therefore DENIED.

We review a district court's ruling on a Rule 27(b) motion for abuse of discretion. *See Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981). Cole's Rule 27(b) motion sought to depose witnesses to the alleged government interference with Cox-Cole. Although the district court erred in finding that it did not have subject matter jurisdiction over the motion, *see* FED. R. CIV. P. 27(b), it alternatively denied the motion on the merits. Cole cannot show that the district court's alternative denial on the merits was an abuse of discretion. The issue of government interference need not be developed further because the district court determined that Cole was not prejudiced by trial counsel's failure to object on the ground of government interference, and, as noted above, Cole has abandoned any challenge to that finding in his COA motion to this

3

No. 14-11034

court.  Accordingly, because the disposition of the instant COA motion is also dispositive of the merits of Cole's appeal from the denial of his Rule 27(b) motion, Cole's motion to sever the two appeals is DENIED and the district court's denial of his Rule 27(b) motion is AFFIRMED.